COMMISSIONER OF REVENUE *vs.* ERNEST H. SMITH & another.[1] June 20, 1984. *Trust,* Business trust. *Taxation,* Income tax.

This case concerns the liquidation of a Massachusetts business trust pursuant to § 337 of the Internal Revenue Code (I.R.C. § 337 [1976]), and

[1] Shirley Smith.

the taxation of liquidating distributions received by the trust's shareholders. The issue is whether the shareholders may be taxed on the value of the liquidating distributions when the trust itself must include the gains it realizes from the liquidation sales in its taxable income. In another case decided today, *Commissioner of Revenue* v. *Shafner, ante* 256 (1984), we held that such distributions may be excluded from taxable income as exempt dividends under G. L. c. 62, § 2 (*a*) (2) (D). We therefore affirm the Appellate Tax Board's decision to grant an abatement to the taxpayers of that portion of their Massachusetts income tax attributable to the liquidating distribution.

The Ernest H. Smith Insurance Agency (trust) was a Massachusetts business trust as defined in G. L. c. 62, § 1 (*j*). The trust had been engaged in business since September 1, 1948, and become liable for Massachusetts income taxes as a result of St. 1971, c. 555, § 5. Prior to the applicable date of December 31, 1970, see St. 1971, c. 555, § 67, the trust had a deficit earnings and profits, and no tax was therefore payable. Subsequent to that date, taxes became due and were paid.

Ernest H. Smith was at all relevant times the sole trustee and shareholder of the trust. On December 29, 1976, Smith adopted a plan of complete liquidation for the trust pursuant to I.R.C. § 337 (1976). The entire assets of the trust were sold and a cash distribution was made to the sole shareholder within the requisite period. On August 31, 1977, Smith received a cash distribution of $59,127, based on the shares he owned. After subtracting a cost basis of $11,000, Smith and his wife Shirley (taxpayers) reported a capital gain of $48,127, on both their Federal and Massachusetts income tax returns for 1977. They subsequently filed an application for abatement of that portion of their State income tax attributable to the liquidating distribution. This application was denied by the Commissioner of Revenue (Commissioner). The taxpayers appealed to the Appellate Tax Board, see G. L. c. 62C, § 39, which held that "the distributions from the trust to the [taxpayers] were not taxable." The Commissioner appealed to this court, and we now affirm.

As the Commissioner notes, "except for slight factual differences, . . . the issues and arguments . . . are the same as in [*Commissioner of Revenue* v. *Shafner, supra*]." A liquidation pursuant to I.R.C. § 337 (1976) occurred, and the trust recognized no gain for Federal tax purposes. However, the trust did recognize a gain and paid State income taxes on the gains realized from the liquidation sales. In these circumstances, as we held in *Shafner, supra*, the liquidating distributions to the shareholders of a Massachusetts business trust such as the one at issue here are excluded from the shareholders' taxable income. The taxpayers are entitled to an abatement of that portion of their income taxes attributable to the liquidating distribution.

*Decision of the Appellate Tax Board affirmed.*

*John P. Graceffa,* Assistant Attorney General, for the plaintiff.

*Francis J. Russell* for the defendants.